UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| AMINAH AND BYRON GLENN, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 1:13CV00074 AGF |
| | ) |
| BANK OF AMERICA, N.A., and BANK OF | ) |
| AMERICA HOME LOANS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Defendants Bank of America, N.A., and Bank of America Home Loans (jointly "BANA") to dismiss the case for Plaintiffs' failure to state a claim. For the reasons set forth below, this motion shall be granted.

## BACKGROUND

Plaintiffs Byron and Aminah Glenn, husband and wife, who are proceeding pro se, filed this complaint on May 6, 2013. Plaintiffs seek damages for breach of contract, false representation, fraud, and conversion. Plaintiffs also list 12 federal statutes that BANA allegedly violated. At the heart of Plaintiffs' complaint is a dispute over a July 27, 2007 promissory note between Plaintiffs and BANA for $541,500, apparently to secure a mortgage. Plaintiffs appear to allege that they received nothing in exchange for the note, and that BANA deceived Plaintiffs into "bequeathing or donating [their] home or property as a GIFT (de donis) to the Bank." (Doc. No. 1, ¶ 24). In addition, Plaintiffs

seem to allege that BANA did not give consideration for the loan, breached its fiduciary duty to Plaintiffs, is not the holder of the note, sold unregistered securities because it did not register the note, failed to comply with international accounting standards, and improperly created a trust account in Plaintiffs' name. Plaintiffs seek $227,760,000 in actual and punitive damages.

In support of their motion to dismiss the case for failure to state a claim, Defendants argue that Plaintiffs failed to plead more than the initial fact that both parties signed the note for $541,500 on July 27, 2007. Defendants label Plaintiffs claims as "a series of … legal conclusions," without supporting facts and assert that it is impossible to determine the claims that Plaintiffs seek to assert. Defendants argue that even construing all the ambiguities in the complaint in Plaintiffs' favor, the complaint states no claim upon which relief can be granted.

Plaintiffs subsequently filed an "amended complaint" summarily alleging that BANA defrauded Plaintiffs of $272,000 in a deceptive scheme; and a motion for summary judgment. In support of the motion for summary judgment, Plaintiffs argue that because Defendants have not disputed any of the statements in the original complaint, the motion to dismiss should not be granted.[1] In addition, Plaintiffs add some claims, such as the claim that BANA does not possess the original note, and failed to disclose to Plaintiffs the true nature of the debt.

---

[1] Because Defendants have filed a motion to dismiss, under Fed. R. Civ. P. 8 and 12(b), they are not yet required to file an answer to the specific allegations in the complaint.

**DISCUSSION**

On a motion to dismiss, the Court accepts as true the factual allegations contained in the complaint and grants the plaintiff the benefit of all reasonable inferences that can be drawn from those allegations. *Lustgraaf v. Behrens*, 619 F.3d 867, 872-73 (8th Cir. 2010). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility, "'when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.'" *Cox v. Mortg. Elec. Registration Sys., Inc.*, 685 F.3d 663, 668 (8th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).

"Although pro se complaints are to be construed liberally, 'they still must allege sufficient facts to support the claims advanced.' Pro se litigants must set a claim forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law." *Stringer v. St. James R-1 Sch. Dist.*, 446 F.3d 799, 802 (8th Cir. 2006) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).

The Court has construed Plaintiffs' complaint and proposed amended complaint liberally. Further, although Plaintiffs did not respond to Defendants' motion to dismiss, and the time to do so has expired, the Court shall construe Plaintiffs' motion to amend, motion for summary judgment, and memorandum in support of summary judgment, as a

response to Defendants' motion to dismiss. Nevertheless, upon liberal review of all such pleadings, it is hard to find any pleaded claims in the complaint upon which relief can be granted. *See, e.g., Blaylock v. Wells Fargo Bank, N.A.* 502 F. App'x 623, 624 (8th Cir. 2013) (affirming dismissal of the plaintiffs' claims based on a "show-me-the-note" theory of liability because such theory is "discredited" and failed to state a claim); *Karnatcheva v. JPMorgan Chase Bank, N.A.*, 704 F.3d 545, 548 (8th Cir. 2013) (affirming the district court's dismissal of the plaintiffs' theories to quiet title "because the plaintiffs' pleadings, on their face, have not provided anything to support their claim … other than labels and conclusions.")

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to dismiss Plaintiffs' complaint is **GRANTED**. (Doc. No. 9.)

**IT IS FURTHER ORDERED** that Plaintiffs' motion to amend and motion for summary judgment are **DENIED** as moot. (Docs. No. 11 & 12.)

A separate Order of Dismissal shall accompany this Memorandum and Order.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 17th day of July, 2013.